IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC KOENIG,

                                          OPINION AND ORDER

            Petitioner,

                                             16-cv-322-bbc
                                             09-cr-107-bbc

      v.

UNITED STATES OF AMERICA,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Eric Koenig has filed a motion for post conviction relief under 28 U.S.C. § 2255, contending that the Supreme Court's 2015 decision in Johnson v. United States, 135 S. Ct. 2551 (2015), requires this court to find that he was sentenced illegally in 2009. He is correct when he says that his conviction for being a felon in possession of a firearm was enhanced improperly. A review of his sentence shows that he no longer qualifies as an "armed career criminal" under 18 U.S.C. § 924(e)(2)(B), in light of the holding in Johnson that the so-called residual clause in subsection (ii) of § 924(e)(2)(B) is unconstitutionally vague. It is less clear whether he is correct about his conviction for armed bank robbery. On that charge, he was found to be a "career offender" under the sentencing guidelines and sentenced to less than the statutory maximum.

      Although the Court of Appeals for the Seventh Circuit decided in United States v. Hurlburt, 2016 WL 4506717 (Aug. 29, 2016), that the residual clause in the definition of violence under the sentencing guidelines is unconstitutionally vague, it did so in a case that had

been filed on direct appeal from a sentence. The Supreme Court has granted certiorari in a case filed under 28 U.S.C. § 2255, Beckles v. United States, 616 Fed. Appx. 415 (11th Cir. 2015). It makes sense to wait until the Court decides in that case whether Johnson applies not just to sentences imposed under the Armed Career Criminal Act, 18 U.S.C. §§ 921-31, but also to sentences imposed under the career offender provisions of sentencing guidelines that can no longer be appealed.

Petitioner does not want to wait for a decision from the Supreme Court about his bank robbery charge. He prefers to proceed to resentencing on both counts under the "single package" theory that "'a district judge's sentencing decision ordinarily concerns the entire sentencing package. . . [and] when part of a sentence is vacated the entire sentencing package "becomes unbundled" and the judge is entitled to resentence defendant on all counts.'" United States v. Cureton, 739 F.3d 1032, 1045 (7th Cir. 2014) (quoting United States v. Smith, 103 F.3d 511, 533 (7th Cir. 1996)). See also United States v. Noble, 299 F.3d 907, 910 (7th Cir. 2002); United States v. Binford, 108 F.3d 723, 729 (7th Cir. 1997). None of these cases involved a situation in which it was still possible that a second part of the sentencing package might have to be revisited. Given the likelihood that the Court will decide Beckles within the year and the unlikelihood that, regardless of the outcome, petitioner's sentence will be reduced below the time that he will have served before resentencing, I will stay a decision on petitioner's motion until the Supreme Court has decided Beckles.

ORDER

IT IS ORDERED that a decision on petitioner Eric Koenig's motion for resentencing is

stayed until after the United States Supreme Court issues its decision in <u>Beckles v. United States</u>. Once the decision has issued, the parties may have 21 days in which to file briefs setting out their views on the effect of the decision on the motion for post conviction relief.

Entered this 11th day of October, 2016.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge